■ ALPHONSE COLUMBO et al., Appellants, v JAMES RIVER, II, INC., et al., Respondents. [602 NYS2d 959] —Casey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 8, 1992 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Alphonse Columbo (hereinafter plaintiff) sustained injuries when he slipped and fell on a floor in defendants' building, where plaintiff had gone to deliver some liquid chemicals. After the delivery, plaintiff went to the office of one of defendants' employees to have the bill of lading signed and the fall occurred when plaintiff left the office. A wet pen was retrieved from the area of the fall and plaintiff averred that when he left the office he noticed that the water fountain next to the office was overflowing and a puddle of water was on the floor. Plaintiff indicated that he had not noticed the puddle on his way into the office. Plaintiff did notice after his fall that the fountain drain was backed up with debris from nearby paper machines. Plaintiff also stated that he observed water on the floor near the fountain on prior occasions and that it was common knowledge among defendants' employees that the fountain was a problem. Plaintiff added that on a prior

occasion he reported the fountain problem to the same employee who signed his bill of lading and that this employee said, "Yeah, we know."

In support of defendants' motion for summary judgment, defendants' employee swore that in his 25 years of employment he had never noticed water outside his office. He did admit that debris from nearby paper machines got caught in the fountain drain and that this condition would slow, but not overflow, the fountain. The employee also stated that the floor was cleaned three times a day with brooms and an air hose and that he had no recollection of plaintiff's fall. Based upon this evidence, Supreme Court granted defendants' motion for summary judgment dismissing the complaint for the reason that defendants did not have constructive notice of the puddle inasmuch as plaintiff himself admitted that there was no water on the floor when he entered the office to have the receipt signed, and thus defendants did not have sufficient time to remedy the condition.

Plaintiff appeals. We reverse. Plaintiff's response to defendants' motion demonstrated that he had seen water accumulating on prior visits and that he complained of the condition to defendants' employee. Plaintiff also indicated that a coworker of his had noticed the accumulation of water at that area on prior occasions. Furthermore, defendants' own employee admitted that residue from nearby paper machines would collect in the fountain and slow the drain.

The testimony of plaintiff and defendants' employee raises issues of fact as to a regularly recurring dangerous condition of water accumulating on the floor *(see, Weisenthal v Pickman,* 153 AD2d 849, 851; *see also, Padula v Big V Supermarkets,* 173 AD2d 1094, 1096) and whether defendants should have corrected the condition in the exercise of reasonable care *(see, Trujillo v Riverbay Corp.,* 153 AD2d 793, 794). When a landowner has actual knowledge of the tendency of a particular dangerous condition to reoccur, he is charged with constructive notice of each specific recurrence of that condition *(Weisenthal v Pickman, supra,* at 851). In our view, therefore, Supreme Court improperly granted defendants' motion for summary judgment dismissing the complaint *(cf., Fasolino v Charming Stores,* 77 NY2d 847, 848). The order should be reversed and defendants' motion denied.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.