■ PATRICIA GEORGE et al., Appellants, v PONDEROSA STEAK HOUSE, Respondent. [632 NYS2d 893] —Crew III, J. Appeal from

an order of the Supreme Court (Williams, J.), entered September 6, 1994 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On July 25, 1992, plaintiffs and their daughter dined at defendant's restaurant located in the Town of Rotterdam, Schenectady County. As plaintiff Patricia George (hereinafter George) attempted to leave the table, she struck her left knee cap against the table and fell. According to George, the chair in which she was sitting caught or snagged on the carpeting, thereby preventing her from pushing her chair away from the table. Plaintiffs thereafter commenced this personal injury action and, following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court granted defendant's motion, finding that plaintiffs had failed to raise a question of fact as to whether defendant had actual or constructive notice of the allegedly defective condition of George's chair. This appeal by plaintiffs followed.

We affirm. In order to impose liability upon defendant, plaintiffs were required to establish that defendant either created the allegedly dangerous or defective condition or had actual or constructive notice thereof (*see, Collins v Grand Union Co.*, 201 AD2d 852; *Browne v Big V Supermarkets*, 188 AD2d 798, *lv denied* 81 NY2d 708). Here, there is nothing in the record to suggest that defendant created the alleged defect in the chair or had actual notice of it.* In this regard, defendant's manager has stated, *inter alia*, that he did not observe any defects in the chair or carpeting prior to plaintiff's accident, that it had not been necessary to replace either the chairs or the carpeting since the restaurant opened, and that he had not observed patrons experiencing difficulties sliding or getting out of their chairs (*compare, Columbo v James River, II, Inc.*, 197 AD2d 760, 761). Accordingly, plaintiffs must proceed on the theory of constructive notice, which requires a showing that the defect in question was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant's employees to discover and remedy it (*see, Gordon v American Museum*, 67 NY2d 836, 837; *Eaton v Pyramid Co.*, 216 AD2d 823).

On this point, plaintiffs essentially contend that during the

---

* The alleged defect stems from certain vinyl slides purportedly missing from the runners of George's chair. According to plaintiffs' expert, the absence of such slides, which apparently are designed to decrease the resistance between the runners and the floor, would make a chair more likely to tip or catch on carpeting.

course of the regular sweeping, vacuuming and shampooing of the carpeting in defendant's restaurant, which necessarily entailed moving the chairs, defendant's employees should have discovered the missing slides and remedied the situation. Even assuming that a missing slide could be discovered in this fashion and, further, could be deemed a "visible and apparent" defect, plaintiffs failed to offer any proof as to how long the slide on George's chair had been missing, and a finding that the slide had been missing for any appreciable length of time would be based upon pure speculation (*see*, *Collins v Grand Union Co.*, 201 AD2d 852, 853, *supra*; *compare*, *Webb v Audi*, 208 AD2d 1122, 1123). Accordingly, defendant's motion for summary judgment was properly granted.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.