■ RUSSELL GERNARD, Appellant, v BRUNO A. AGOSTI et al., Respondents. [644 NYS2d 599] —Mikoll, J. P.

Plaintiff commenced this action seeking damages for injuries allegedly sustained when he slipped on a patch of ice on the grass near the driveway of defendants' vacation home in Delaware County on Sunday, February 26, 1989. Defendants had arrived for the weekend on Friday, February 24, 1989, and the official weather record for the area indicates that temperatures were below freezing, there was a trace of snow on the ground and these conditions existed throughout the weekend. On the day of the accident, plaintiff arrived at defendants' home for the purpose of retrieving a ladder that defendants had borrowed. According to plaintiff's testimony, prior to his fall, he traversed the area where the accident occurred three times without incident and while there was some snow on the ground, he did not see any ice on the ground or other hazardous condition. As plaintiff walked the area for the fourth time, however, he slipped and fell. Plaintiff indicated that he noticed ice on the ground underneath a thin layer of snow only as he tried to raise himself up. Following joinder of issue and discovery, this

matter was presented for trial. At the close of plaintiff's proof, however, Supreme Court granted defendants' motion to dismiss the complaint. This appeal by plaintiff followed.

We affirm. Plaintiff maintains that Supreme Court erred in concluding that he had failed to present prima facie proof that defendants had, or should have had, constructive notice of a dangerous icy condition on their property. Constructive notice "requires a showing that the [condition] was visible and apparent and existed for a sufficient period of time prior to the accident to permit [defendants] to discover and remedy it" (*George v Ponderosa Steak House*, 221 AD2d 710, 711). Here, plaintiff's own testimony made it clear that no obvious dangerous condition existed that would have put defendants on notice. This conclusion is not altered by plaintiff's reference to weather reports indicating that there was a thaw in the early part of the week before the accident that might have led to the creation of an icy condition when the temperatures fell again before defendants' arrival that weekend, causing the water to refreeze and create a slippery ice condition. Regardless of the viability of this theory, we agree with Supreme Court that it was far too speculative to submit to the jury on the issue of constructive notice (*cf.*, *Simmons v Metropolitan Life Ins. Co.*, 207 AD2d 290, 293 [dissenting mem], *affd* 84 NY2d 972).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.