■ DONALD BARON et al., Appellants, v CITY AND COUNTY PAVING, INC., et al., Respondents. [648 NYS2d 965] —In a

negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated September 14, 1995, which, granted the motions of the defendants made at the close of the plaintiffs' case for judgment as a matter of law dismissing the complaint. The plaintiffs' notice of appeal from the decision dated March 3, 1995, is deemed a premature notice of appeal from the order dated September 14, 1995.

Ordered that the order is reversed, on the law, with costs payable by the respondents appearing separately and filing separate briefs, the defendants' motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant City and County Paving Corp. s/h/a City and County Paving, Inc. (hereinafter City and County) was hired to repave a private street abutting the premises of the codefendant Gaylord Manufacturing Corp. (hereinafter Gaylord). On June 8, 1988, the plaintiff Donald Baron slipped and fell while making a delivery to Gaylord. Mr. Baron testified that he slipped and fell as a result of the presence of "blacktop, gravel and dirt and debris from the street". He also testified that he had noticed this "messy" condition a few days before the date of the accident. Considering these and all the other circumstances revealed in the record, we conclude that the Supreme Court erred in granting judgment as a matter of law in favor of the defendants. We agree with the plaintiffs that, under all of the circumstances presented, an issue of fact existed as to whether Gaylord had constructive notice of the condition (see generally, Colombo v James River, II, Inc., 197 AD2d 760; Weisenthal v Pickman, 153 AD2d 849) and as to whether City and County had created the condition. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.