■ PATRINA A. PALMER et al., Appellants, v B.O.C.E.S., ONONDAGA-CORTLAND-MADISON COUNTIES, Respondent. [654 NYS2d 435] —Spain, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 1, 1996 in Cortland County,

which granted defendant's motion for summary judgment dismissing the complaint.

On December 14, 1992 at approximately 7:20 A.M., plaintiff Patrina A. Palmer (hereinafter plaintiff) brought her son to a daycare center located upon defendant's property. She returned to the daycare center at approximately 11:00 A.M. that day to pick up her son. As she was leaving the center with her son to return to her car, plaintiff slipped and fell on ice in the driveway. Plaintiff and her husband subsequently commenced this negligence action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

It is well settled that a property owner is not liable for injuries resulting from a dangerous condition upon property unless the owner created the dangerous condition or had actual or constructive notice of the same (*see, Lottie v Edwards-Knox Cent. School Dist.*, 235 AD2d 678; *George v Ponderosa Steak House*, 221 AD2d 710, 711). In the case at hand, plaintiffs assert that Supreme Court erred in granting defendant's motion for summary judgment because they adduced proof sufficient to raise a question of fact that defendant had constructive notice of the icy condition of the driveway. Based upon our review of the record, we disagree.

Plaintiff testified at her deposition that when she dropped her son off at the daycare center at approximately 7:20 A.M., there were snow flurries and she noticed clumps of snow in the driveway. However, she did not notice ice on the sidewalk or driveway at that time. Plaintiff did not recall the weather conditions between the time she left the daycare center and the time she returned. When she returned, she noticed that the driveway still had clumps of snow on it and appeared shiny. She noticed that the sidewalk was covered with light, powdery snow. When she exited the daycare center with her son, she walked along the sidewalk toward her car without a problem. However, after she crossed the curb and walked about three steps into the driveway, she slipped and fell on ice.

Plaintiff stated that on previous occasions when she noticed that the premises were slippery she notified Norma Rathbone, the director of the daycare center. She stated that when she spoke with Rathbone after her accident, Rathbone advised her that another woman, Elin Pantas, had slipped but not fallen in the area where plaintiff was injured on the same day of plaintiff's accident. Inasmuch as Rathbone was not an employee of defendant and plaintiffs adduced no proof that notice

of the icy condition causing plaintiff's fall was communicated to defendant by Rathbone or others or that defendant should have been aware of this condition, we find that Supreme Court properly concluded that defendant did not have constructive notice of the icy condition and, therefore, dismissed the complaint.

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.