■ Jody Santiago, Appellant, v Pyramid Crossgates Company et al., Respondents. [663 NYS2d 367] —Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 20, 1996 in Albany County, which, *inter alia,* granted defendant Pyramid Crossgates Company's cross motion for a protective order limiting certain discovery demands made by plaintiff.

In February 1994, while seated in a movie theater located in Crossgates Mall in the Town of Guilderland, Albany County, plaintiff was injured when she was struck by a water-soaked ceiling tile which fell from above. She subsequently commenced this negligence action against the operator of the movie theater as well as the owner of the mall, defendant Pyramid Crossgates Company. Following joinder of issue, plaintiff served discovery demands upon defendants on April 27, 1995 seeking,

*inter alia*, information and documentation pertaining to the condition of the roof and ceiling of Crossgates Mall as well as to persons injured by falling ceiling materials and/or water leaks. Pyramid objected to these demands as overbroad as to time frame and location.

Plaintiff, in turn, moved to compel defendants to produce the requested discovery materials and Pyramid cross-moved, *inter alia*, for a protective order limiting the scope of plaintiff's discovery demands. Supreme Court, *inter alia*, granted Pyramid's cross motion to the extent of issuing a protective order limiting the scope of plaintiff's discovery demands by imposing a three-year time limit as to information sought in plaintiff's discovery demand Nos. 2, 3 (e), 7, 12, 13, 21 (a), 22 and 23, and restricting such disclosure to the area of the movie theater complex and to incidents involving patrons or employees struck by materials falling from the ceiling in such area. Plaintiff appeals.

Control of disclosure is within the sphere of the trial court's broad discretionary power and, absent abuse, will not be disturbed (*Ricci v Memorial Hosp.*, 209 AD2d 786). CPLR 3101 (a) provides, however, for full disclosure of evidence which is "material and necessary" to the prosecution or defense of an action and "entails liberal disclosure, upon request, 'of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (*Allegretti-Freeman v Baltis*, 205 AD2d 859, 860, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see, Jackson v Dow Chem. Co.*, 214 AD2d 827, 828).

It is not contested that the entire roof system of the mall, including the movie theater area, consists of a contiguous roof of identical design and construction. Previous discovery indicates that the source of water which brought the tile down on plaintiff's head may be traced to the Caldor store, a separate area about which inquiry cannot be made under the present terms of the court order. Under the circumstances presented, the condition of the entire roof and prior instances of leaks throughout the entire mall are material to the inquiry of the defective design, construction and maintenance of the ceiling and roof, as well as to the question of notice of these conditions and the failure to correct them. We conclude that the discovery order is unduly restrictive.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, plaintiff's motion granted to the extent

of compelling discovery of all instances of patrons or employees struck by materials falling from the ceiling of the entire Crossgates Mall and instances of falling roof tiles during the three-year period preceding the instant event, and, as so modified, affirmed.