■ DONNA M. BERNARDO et al., Respondents, v P. & J. EDWARDS, INC., Doing Business as EDWARDS MARKET, Appellant. [667 NYS2d 851] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered January 29, 1997 in Washington County, which, upon reargument, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Donna M. Bernardo and her husband commenced this personal injury action after Bernardo slipped and fell on the sidewalk in front of defendant's grocery store. The accident occurred at approximately 12:30 P.M. on March 5, 1995. According to Bernardo, her fall was caused by icy conditions that remained untreated for a substantial period of time prior to the accident. Following joinder of issue and discovery, defendant moved for summary judgment. Although the motion was initially granted, upon reargument, which was properly entertained, Supreme Court determined that it should be denied. This appeal by defendant followed.

We reverse. Absent a showing that a defendant created a dangerous condition, it is axiomatic that, "to impose liability, there must be evidence that [the] defendant had actual or constructive notice of the dangerous condition that caused [the] plaintiff's injury" (Hamilton v Rite Aid Pharmacies, 234 AD2d 778). As the record contains no evidence that defendant had actual notice of a dangerous condition, to be resolved is whether an arguable question of fact has been presented on the issue of constructive notice.

In support of its motion for summary judgment, defendant proferred, inter alia, an affidavit from Karen Beayon, the employee who opened the store at 8:00 A.M. on the day of the accident. Beayon averred that the weather was clear and dry at that time and "the temperature was slightly below freezing", and that, "as a matter of [her] routine, at approximately 8:15 A.M. [she] spread a layer of salt on the sidewalk along the area of the entrance to the store". From that juncture until noon, Beayon checked the walk hourly; at no point did she see snow

or ice on it or hear any customers complain of a problem. Beayon noted that by 10:00 A.M. the temperature had risen above freezing and the "sun was shining".

In opposition, plaintiffs referred to Bernardo's examination before trial wherein she described the accident. Bernardo testified that she did not think it was snowing or raining that morning, but that it was a "dreary day". When she crossed the street planning to enter defendant's store, she had to step over a "small buildup" of snow that was piled in the roadway up to the curb. As she did so, Bernardo noticed the sidewalk looked "wet" or "glazed over". Nevertheless, she stated that she was not concerned because she "had on good shoes".

In our view, plaintiffs failed to raise a triable issue of fact on the issue of constructive notice. Rather than describing a visibly hazardous condition, Bernardo testified that nothing about the appearance of the sidewalk caused her any concern. Moreover, even crediting Bernardo's testimony that the walkway was wet, slippery or glazed at the time she fell, there is no evidence that this condition existed for any appreciable period of time (*see, Wolfson v Nevele Hotel*, 222 AD2d 881, 881-882). As for plaintiffs' contention that the morning sanding is indicative of constructive notice, it suffices to note that a "general awareness that a potentially dangerous condition may exist is not enough to constitute notice of a particular condition" (*Hamilton v Rite Aid Pharmacies, supra*, at 779).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.