■ HERMAN HERBST et al., Appellants, v NEVELE COUNTRY CLUB, INC., Respondent. [674 NYS2d 497] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 9, 1997 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

On March 19, 1993, while a guest at defendant's hotel in the Town of Albertson, Ulster County, plaintiff Herman Herbst (hereinafter plaintiff) fell on a patch of ice in the driveway in front of the hotel. He and his wife, derivatively, commenced this personal injury action and, following joinder of issue, defendant moved for a stay of the trial pending further discovery relating to certain injuries claimed in plaintiffs' supplemental bill of particulars or, alternatively, for summary judgment. At a subsequent pretrial conference, Supreme Court stayed the trial and established certain discovery deadlines. Thereafter, in connection with defendant's original motion, Supreme Court granted summary judgment and dismissed the complaint. This appeal by plaintiffs followed.

We affirm. "It is well settled that a property owner is not liable for injuries resulting from a dangerous condition upon property unless the owner created the dangerous condition or had actual or constructive notice of the same" (*Palmer v B.O.C.E.S., Onondaga-Cortland-Madison Counties*, 236 AD2d 764, 765 [citations omitted]; *see, Bernardo v P. & J. Edwards*, 246 AD2d 950, 951). "Constructive notice 'requires a showing that the [condition] was visible and apparent and existed for a sufficient period of time prior to the accident to permit [defendants] to discover and remedy it'" (*Gernard v Agosti*, 228 AD2d 994, 995, quoting *George v Ponderosa Steak House*, 221 AD2d 710, 711; *see, Paolucci v Wood Gate Homeowners Assn.*, 238 AD2d 855, 856).

Plaintiffs contend, *inter alia*, that there are questions of fact

concerning defendant's notice of the icy condition of the driveway which preclude the grant of summary judgment. At his examination before trial, plaintiff testified that he was walking down the driveway leading from the hotel when he slipped and fell. He stated that the weather was clear and he did not see any ice in the driveway prior to his fall. He stated that when he got up he noticed ice, but could not recall the size of the ice patch. Plaintiff's wife testified that she was walking behind plaintiff when he fell and did not notice any ice in the driveway prior to the accident. She stated, however, that after the fall she noticed an ice patch which was a couple of feet in diameter. Neither plaintiff nor his wife had made any complaints to the hotel regarding ice in the driveway prior to the accident. Furthermore, the climatological data submitted by plaintiffs disclosed that an above average amount of precipitation fell in this State during the month of March 1993 and the temperature was below normal during that time. The data further revealed that a blizzard hit many regions of the State on March 13, 1993 and continued through March 14, 1993 leaving a substantial amount of snow.

The hotel maintenance supervisor could not recall the weather on the day of the accident but did remember that there was a blizzard during March 1993. He stated that it was his practice to tour the grounds by vehicle every morning at 7:30 to determine the existence of slippery spots, pot holes or tree branches. He could not, however, recall if he made such a tour every day during the month of March or on the day of the accident.

In our view, this evidence is insufficient to raise a question of fact concerning whether defendant had either actual or constructive notice of the ice patch in the driveway prior to plaintiff's fall. The record is devoid of proof that defendant had actual notice of this condition. As for constructive notice, the record does not support the inference that the ice presented an obvious dangerous condition which put defendant on notice (*see, Gernard v Agosti, supra,* at 995). Moreover, the climatological data relied upon by plaintiffs which revealed weather conditions throughout the State during March 1993 as well as snowfall in towns outside the vicinity of defendant's hotel provide no insight into the condition of the driveway on the day of the accident. Inasmuch as we have recognized that " 'general awareness that a potentially dangerous condition may exist is not enough to constitute notice of a particular condition' " (*Bernardo v P. & J. Edwards, supra,* at 951, quoting *Hamilton v Rite Aid Pharmacies,* 234 AD2d 778, 779), we

conclude that Supreme Court properly granted defendant's motion for summary judgment.

In view of our disposition, we need not address plaintiffs' claim regarding defendant's duty to keep the premises in reasonably safe condition. We have considered plaintiffs' remaining contentions and find them to be without merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.