■ ELIZABETH KIVLAN, Respondent, v DAKE BROTHERS, INC., Doing Business as STEWART'S, Appellant. [680 NYS2d 293] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 3, 1997 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

On August 8, 1995, plaintiff was injured in a slip-and-fall accident at defendant's convenience store in the City of Kingston, Ulster County. Plaintiff alleges that she slipped in a puddle of oil, approximately 4 to 5 inches in diameter, on the sidewalk leading to the entrance of the store and fell, sustaining injuries. Plaintiff commenced this action alleging that defendant was negligent in maintaining its property by permitting the oil to remain on the sidewalk. More specifically, plaintiff alleges that defendant had constructive notice due to a recurring condition of oil spots in the parking areas. After issue was joined defendant moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiff had failed to demonstrate a prima facie case of negligence. Supreme Court denied the motion. Defendant appeals.

We affirm. " 'It is well settled that a property owner is not liable for injuries resulting from a dangerous condition upon property unless the owner created the dangerous condition or had actual or constructive notice of the same' " (*Herbst v Nevele*

*Country Club*, 251 AD2d 864, quoting *Palmer v B.O.C.E.S., Onondaga-Cortland-Madison Counties*, 236 AD2d 764, 765; *see*, *Lottie v Edwards-Knox Cent. School Dist.*, 235 AD2d 678; *George v Ponderosa Steak House*, 221 AD2d 710). While plaintiff need not prove that defendant had actual knowledge of the presence of the particular substance or object (*see*, *Weisenthal v Pickman*, 153 AD2d 849, 850-851), plaintiff must demonstrate that defendant either created the condition by its own affirmative act, was aware of a specific condition yet failed to correct it, or was aware of an ongoing and recurring unsafe condition which regularly went unaddressed (*see*, *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *Mercer v City of New York*, 223 AD2d 688, 689-690, *affd* 88 NY2d 955). When a property owner has "actual knowledge of the tendency of a particular dangerous condition to reoccur, he is charged with constructive notice of each specific recurrence of that condition" (*Columbo v James River, II, Inc.*, 197 AD2d 760, 761).

Here, plaintiff has established evidence of recurring oil spills and the accumulation of debris in the area where motor vehicles are permitted to park at defendant's convenience store/gas station, where motor oil and other automotive fluids are sold. In our view, such evidence raises genuine issues of fact as to whether defendant had actual knowledge of and failed to properly remedy a recurring hazardous condition (*see*, *O'Connor-Miele v Barhite & Holzinger*, *supra*, at 106). The fact that the oil spill in question was on the sidewalk near the entrance to the store and not in the parking area is insignificant, especially in light of the close proximity of that part of the sidewalk to the area where motor vehicles are allowed to park and where oil spills have occurred.

Peters and Graffeo, JJ., concur.

Mercure, J. P. (dissenting). We cannot subscribe to the majority's view that evidence concerning recurring oil spills and the accumulation of debris on defendant's parking lot raised a legitimate factual issue as to defendant's constructive knowledge of the existence of the subject oil spill on the sidewalk near the entrance to the store. Evidence that defendant offered gasoline for sale from self-serve pumps located in its parking area and also sold oil and other automotive fluids in its retail convenience store provides an obvious explanation for the existence of fluid spills on the parking lot and would arguably support a finding that defendant was on notice of such spills (*but see*, *Mercer v City of New York*, 223 AD2d 688, *affd* 88 NY2d 955). However, human experience tells us, first, that such spills would rarely occur other than in connection

with the actual administration of the fluid into a vehicle and, second, that vehicles are not normally to be found on sidewalks. Accordingly, we believe there has been no showing of any logical nexus between the prior accumulations and the present oil spill (*see, id.*, at 691); rather, the evidence shows, at most, a " 'general awareness' " that a dangerous condition may be present, which is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

Plaintiff having failed to oppose the motion with any competent evidence of defendant's actual or constructive notice of the dangerous condition which is alleged to have caused her injury, we would reverse Supreme Court's order and grant defendant's summary judgment motion.

Yesawich Jr., J., concurs. Ordered that the order is affirmed, with costs.