■ JOSEPH P. DAVIDSON et al., Appellants-Respondents, v HILTON HOTELS CORPORATION, Doing Business as RYE TOWN HILTON, Defendant and Third-Party Plaintiff-Respondent-Appellant, and DIMARINO LANDSCAPING, INC., Respondent.

CNA Insurance Company et al., Third-Party Defendants-Respondents. [698 NYS2d 171] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 6, 1998, as granted those branches of the separate cross motions of the defendants Hilton Hotels Corporation d/b/a Rye Town Hilton and DiMarino Landscaping, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, respectively, and the defendant Hilton Hotels Corporation d/b/a Rye Town Hilton cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant third-party plaintiff respondent-appellant and the defendant-respondent are awarded one bill of costs.

The plaintiff Joseph P. Davidson was injured when he allegedly slipped on a patch of ice outside the entrance of the Rye Town Hilton. He and his wife subsequently commenced this action against Hilton Hotels Corporation d/b/a Rye Town Hilton (hereinafter Hilton) and DiMarino Landscaping, Inc. (hereinafter DiMarino), with which Hilton had a landscaping service agreement that included snow and ice removal.

The Supreme Court properly granted the separate cross motions of Hilton and DiMarino for summary judgment, as they established their entitlement to judgment as a matter of law. In opposition to the cross motions, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the substance which allegedly caused Mr. Davidson's fall was a patch of ice. Further, there is no proof that Hilton or DiMarino created the alleged icy condition and the evidence is insufficient to raise a question of fact as to whether they had actual or constructive notice of the condition (*see, Herbst v Nevele Country Club,* 251 AD2d 864; *Bertman v Board of Mgrs.,* 233 AD2d 283). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.