■ Joseph P. Davidson et al., Plaintiffs, v Hilton Hotels Corporation, Doing Business as Rye Town Hilton, Defendant and Third-Party Plaintiff-Appellant, and DiMarino Landscaping, Inc., Respondent. CNA Insurance Company et al., Third-Party Defendants-Respondents. [698 NYS2d 297] —In an action to recover damages for personal injuries, etc., the de-

fendant third-party plaintiff Hilton Hotels Corporation d/b/a Rye Town Hilton, appeals from stated portions of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 20, 1999, which, *inter alia*, upon reargument, denied those branches of its cross motion which were for summary judgment on its cross claim against the defendant DiMarino Landscaping, Inc., and on its third-party complaint against the third-party defendants CNA Insurance Company and Transcontinental Insurance Company.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for partial summary judgment on the issue of liability on the third cross claim of Hilton Hotels Corporation d/b/a Rye Town Hilton against the defendant DiMarino Landscaping, Inc., to recover the costs of defending the main action, and for partial summary judgment on the third-party complaint on the issue of liability for the costs of defending the main action, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant third-party plaintiff by the respondents appearing separately and filing separate briefs.

Pursuant to a landscaping service agreement between the defendant third-party plaintiff Hilton Hotels Corporation d/b/a Rye Town Hilton (hereinafter Hilton) and the defendant DiMarino Landscaping, Inc. (hereinafter DiMarino), DiMarino was required to assume the defense of any action commenced against Hilton "arising out of or connected with" the agreement. In addition, DiMarino was obligated to procure insurance naming Hilton as an additional insured. DiMarino obtained insurance from the third-party defendants providing coverage for Hilton with respect to liability arising out of DiMarino's work. Both DiMarino and the third-party defendants refused to assume the defense of Hilton in the main action.

An insurer's duty to defend is "exceedingly broad" and it must defend "whenever the four corners of the complaint suggest * * * a reasonable possibility of coverage" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648). Here, the allegations of the complaint brought this action within the scope of the insurance policy and the agreement between Hilton and DiMarino. Therefore, the third-party defendants and DiMarino breached their respective obligations to provide a defense to Hilton. Consequently, the Supreme Court erred in denying those branches of Hilton's cross motion which were for summary judgment insofar as Hilton sought to recover the costs of its defense in the main action.

In light of our determination in the companion appeal (*see, Davidson v Hilton Hotels Corp.,* 266 AD2d 335 [decided herewith]), Hilton's contention that it is entitled to be indemnified by Di-Marino and the third-party defendants for any liability to the plaintiffs is academic.

Hilton's remaining contentions are either without merit or academic. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.