■ MAJONA PIERRE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. CIT-NALTA CONSTRUCTION CORP., Third-Party Defendant-Respondent. [795 NYS2d 38]—

Amended order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 17, 2004, which, to the extent appealed from as limited by the brief, granted so much of third-party defendant Citnalta Construction Corp.'s summary judgment motion as sought dismissal of the third-party complaint, but denied defendant Transit Authority's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, Citnalta's motion with respect to the third-party complaint denied, and the third-party complaint reinstated, and otherwise affirmed, without costs.

Plaintiff was allegedly injured in a subway station when she slipped on steps covered with sodden newspaper. Plaintiff testified that the station was pervasively wet and that the newspaper had apparently been laid upon the steps to soak up the water. In view of this testimony and the evidence showing that the station had many water leaks and, indeed, that third-party contractor Citnalta had been retained by defendant Transit Authority to fix those leaks, there are triable issues as to whether the Transit Authority had notice, either actual or constructive, of the complained-of hazard (*cf. Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

Inasmuch as the evidence showed that Citnalta's work at the station entailed the use of water and maintenance of a water bib near the accident site, triable issues were raised as to whether the alleged hazard resulted from Citnalta's work under its contract with the Transit Authority, and accordingly the grant of summary judgment dismissing the third-party complaint was in error. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.