■ Armando Talavera, Appellant, v New York City Transit Authority, Respondent. [836 NYS2d 610]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered April 24, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On January 30, 2001, plaintiff slipped and fell while ascending a set of interior stairs inside the "E" train subway station located at 53rd Street and Fifth Avenue. Despite acknowledging that "[i]t was raining like crazy that day," plaintiff testified at his General Municipal Law § 50-h hearing and pretrial deposition that the watery condition on the stairs was caused by a leaking pipe located in the area where the right-hand wall and ceiling met. Plaintiff further testified that he used the stairs regularly and had seen water on the stairs on many occasions.

Defendant Transit Authority moved for summary judgment, arguing that it neither created nor had actual or constructive notice of the wet condition. Defendant also argued that it could not be held liable for a wet condition caused by passengers track-

ing in water from an ongoing rainstorm. Supreme Court granted the motion and dismissed the complaint on the ground that the Transit Authority had no notice of either the rainstorm or the specific wet condition on the stairwell to support an action in negligence.

Supreme Court erred in finding a lack of actual or constructive notice as a matter of law. A plaintiff may satisfy his or her burden on notice by producing evidence that an "ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]; *see also David v New York City Hous. Auth.*, 284 AD2d 169, 171 [2001]; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 294-295 [1994]). In light of plaintiff's testimony that he slipped on the stairwell that had become wet due to a leaking pipe, and that he had observed the same dangerous condition at that location on many prior occasions, a triable issue is raised as to whether the Transit Authority had constructive notice of the alleged hazard (*Pierre v New York City Tr. Auth.*, 18 AD3d 317, 318 [2005]; *Johnson v New York City Tr. Auth.*, 301 AD2d 431 [2003]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]).

In addition, because plaintiff specifically identified the source of the recurring wet condition as the leaky pipe, and, further, produced evidence that such dangerous condition was in a location spatially remote from an exterior stairwell that is exposed to the elements, this case is distinguishable from those cited by the Transit Authority holding that a landlord is not required to provide a constant, ongoing remedy when an alleged dangerous condition is caused by moisture tracked indoors during a storm (*see e.g. Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Hussein v New York City Tr. Auth.*, 266 AD2d 146 [1999]). Unlike *Solazzo*, the plaintiff in this case identified a specific dangerous condition, to wit, the leaking pipe; he did not premise his claim of notice on a "general awareness that the stairs . . . become wet during inclement weather" (*Solazzo*, 6 NY3d at 735).

To the extent certain portions of plaintiff's hearing and deposition testimony may be read to allege rainwater as an additional cause of the dangerous condition, such evidence is for the trier of fact to evaluate and does not eliminate the existence of a triable issue on the question of constructive notice. Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Gonzalez, JJ.