■ James E. Tucker et al., Appellants, v New York City Transit Authority, Respondent. [839 NYS2d 487]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered March 6, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiffs commenced this action for personal injuries allegedly sustained by plaintiff James Tucker in a slip and fall incident in defendant Transit Authority's subway station. Plaintiff was descending a long interior staircase when he slipped and fell on the second landing, which was wet. Although it had been raining on the day of the accident, plaintiff testified at his General Municipal Law § 50-h hearing and alleged in his bill of particulars that the wet condition was caused by a "trough" of water running down the side of the steps that caused flooding due to an obstructed drain.

Prior to any discovery in the action, the Transit Authority moved for summary judgment arguing that it was not liable for a wet condition caused by an ongoing rainstorm, as well as because it had no actual or constructive notice thereof. In opposition, plaintiff submitted his own affidavit and that of an expert engineer alleging that the complained of wet condition on an interior staircase was not the result of the rain, but rather leaks from the wall that created flooding due to the defective drain. Plaintiff's expert further averred that the stained wall and drain area indicated that the leaks were present for a substantial period. In a summary decision, the motion court granted the Transit Authority's motion, noting that it had rained steadily during the day and that plaintiff failed to adduce evidence that the Transit Authority had actual or constructive notice of the condition.

The motion court erred in granting summary judgment prior to any discovery in the action (CPLR 3212 [f]). As plaintiff notes, the motion was improperly granted on the ground of lack of notice without affording him an opportunity through pretrial discovery to produce evidence of notice, such as prior complaints of the condition, accident reports concerning the same location, maintenance records showing attempts to remedy the condition or deposition testimony by Transit Authority's employees indicating actual notice.

Moreover, as the record now stands, plaintiff's evidence that the wet condition was caused by leaks and defective drains on an interior stairwell that existed for a substantial period of time raises the possibility that plaintiff will be able to make a show-

ing of the Transit Authority's actual or constructive notice (*see Talavera v New York City Tr. Auth.*, 41 AD3d 135 [2007]; *Pierre v New York City Tr. Auth.*, 18 AD3d 317, 318 [2005]; *Bennett v New York City Tr. Auth.*, 3 NY3d 745 [2004], *affg* 4 AD3d 265 [2004]). Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.