■ WILLIAM P. BUSH, Individually and as Parent and Guardian of TYLER MOREY, an Infant, Respondent, v MECHANICVILLE WAREHOUSE CORPORATION, Appellant. [895 NYS2d 212]—

Peters, J.

Plaintiff sustained severe injuries when he fell from a ladder in a warehouse owned by defendant and leased by plaintiff's employer. Plaintiff claims that at the time of the incident, he was attempting to free a box of merchandise that was stuck to the surface of a pallet as a result of water leakage from the warehouse's roof. Plaintiff, individually and on behalf of his minor son, thereafter commenced this action against defendant alleging, among other things, causes of action for common-law negligence and violations of Labor Law § 200. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Finding that plaintiff raised triable issues of fact as to its negligence and Labor Law § 200 claims, Supreme Court denied defendant's motion as to these causes of action. Defendant now appeals.

Labor Law § 200 codifies the common-law duty of an owner to maintain its premises in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Weinberg v Alpine Improvements, LLC, 48 AD3d 915, 918 [2008]). While an out-of-possession landlord is generally not responsible for dangerous conditions existing upon the leased premises, one who is contractually responsible for repair and maintenance, or who assumes responsibility for repairs through a course of conduct, may be liable for unsafe conditions on the property (see Rossal-Daub v Walter, 58 AD3d 992, 993-994 [2009]; Davison v Wiggand, 259 AD2d 799, 801 [1999], lv denied 94 NY2d 751 [1999]; Webb v Audi, 208 AD2d 1122 [1994]). Here, defendant was obligated under the lease to maintain and repair all structural portions of the warehouse, including the roof, and did in fact attempt to repair the roof on prior occasions. Thus, to establish entitlement to summary judgment on plaintiff's Labor Law § 200 and negligence claims, defendant "was required to establish, as a matter of law, that it did not create the alleged dangerous condition and did not have actual or constructive notice of that condition" (Wolfe v KLR Mech., Inc., 35 AD3d 916,

919 [2006]; *accord Weinberg v Alpine Improvements, LLC*, 48 AD3d at 918-919; *see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1221 [2007]). On this record, we find that defendant did not make that showing.

"A plaintiff can establish constructive notice through evidence that the defendant 'was aware of an ongoing and recurring unsafe condition which regularly went unaddressed' " (*Mazerbo v Murphy*, 52 AD3d 1064, 1066 [2008], *appeal dismissed* 11 NY3d 770 [2008], quoting *Kivlan v Dake Bros.*, 255 AD2d 782, 783 [1998]; *see Talavera v New York City Tr. Auth.*, 41 AD3d 135, 136 [2007]). Thus, where "a property owner has 'actual knowledge of the tendency of a particular dangerous condition to reoccur, he [or she] is charged with constructive notice of each specific recurrence of that condition' " (*Kivlan v Dake Bros.*, 255 AD2d at 783, quoting *Columbo v James River, II, Inc.*, 197 AD2d 760, 761 [1993]; *accord Mazerbo v Murphy*, 52 AD3d at 1066).

Here, the record demonstrates that the roof of the warehouse had a chronic leakage problem and that defendant was fully aware of its defective condition and knew that the infiltrating water caused by the leaks could cause damage to the stored material. John Garry, defendant's principal, made periodic visits to the warehouse and personally observed water dripping from the roof on a number of occasions. Despite having the roof leaks patched on numerous prior occasions, the repairs were ineffective in remedying the roof's leakage problem. Notably, Garry stated that he also observed that plastic sheeting had been placed on some of the products stored therein in order to divert water from them. Moreover, plaintiff proffered the expert affidavit of Frederick Bremer, an architect with extensive experience in the design, construction, inspection and maintenance of warehouses and other large storage facilities. Bremer opined that defendant failed to maintain the roof in accordance with industry standards and to properly evaluate and address the condition of the roof despite notice of the ongoing chronic leaks and ineffectiveness of the prior patch work in remedying the problem. He further opined that the infiltration of water into the warehouse, either directly or through the moisture from the chronic leak condition, resulted in the dampening of the pallets and inventory stored thereon and, within a reasonable degree of certainly, caused the box at issue to adhere to the pallet.

If credited, plaintiff's proof would permit a jury to find that defendant had constructive notice of the dangerous condition where the accident occurred by virtue of its knowledge of the recurring problems with the roof leaks elsewhere in the

warehouse (*see Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317, 318 [2001]; *Gutz v County of Monroe*, 221 AD2d 838, 839 [1995]; *Columbo v James River, II, Inc.*, 197 AD2d at 761; *see also Mazerbo v Murphy*, 52 AD3d at 1067; *Pierre v New York City Tr. Auth.*, 18 AD3d 317, 318 [2005]; *cf. Santiago v Pyramid Crossgates Co.*, 243 AD2d 955, 956 [1997]). Thus, we find that the evidence of a known recurring and chronic leakage problem with the roof of the warehouse which, although superficially addressed, was never adequately addressed so as to remedy the underlying problem raises a triable issue of fact as to constructive notice (*see Mazerbo v Murphy*, 52 AD3d at 1067; *Pierre v New York City Tr. Auth.*, 18 AD3d at 318; *Gibson v Bally Total Fitness Corp.*, 1 AD3d 477, 478 [2003]; *Webb v Audi*, 208 AD2d at 1123) and "whether defendant[ ] should have corrected the condition in the exercise of reasonable care" (*Columbo v James River, II, Inc.*, 197 AD2d at 761).

Defendant also urges that summary judgment is warranted because plaintiff has not demonstrated that the roof leak, rather than plaintiff's own conduct, was the cause of plaintiff's fall. However, since this is not a case where "only one conclusion may be drawn from the established facts" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]), "the fact that other causes might exist for plaintiff's fall establishes a question of fact as to proximate cause which must be resolved by a trier of fact" (*Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086-1087 [2007]; *see Carson v Dudley*, 25 AD3d 983, 983 [2006]; *Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 951 [2004]). Further, notwithstanding defendant's assertions to the contrary, "a plaintiff need not demonstrate 'that the *precise* manner in which the accident happened, or the extent of injuries, was foreseeable' to establish that the defendant's negligence was a substantial cause of his or her injuries" (*Kriz v Schum*, 75 NY2d 25, 34-35 [1989], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]).

Mercure, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.