Defendants’ initial motions for summary judgment were premature, since the matter was in the early stages of discovery, and depositions had not yet been taken (see CPLR 3212 [f]; Tucker v New York City Tr. Auth., 42 AD3d 316 [2007]; Gonzalez v Vincent James Mgt. Co., 306 AD2d 226 [2003]). The motion court erred in denying Richmond’s motion to reargue on the grounds that, inter alia, discovery “had not yet begun.” At the time of Richmond’s motion to reargue, virtually all discovery had concluded, including the depositions of all of the parties. The motion court also erred when it found that the motion to reargue was untimely. The record reveals that the motion was served within 30 days from service of the underlying order with notice of entry (CPLR 2221 [d] [3]). Finally, while the court addressed Richmond’s CPLR 3211 motion in its original decision, it failed to address the merits of the 3212 motion.
We find that Richmond made out its prima facie entitlement to summary judgment. Richmond put forth evidence that it did not own the property adjacent to the sidewalk defect, performed no construction at the property, did not contract for or erect the sidewalk bridge on the property, or create the condition *444 complained of. In response, plaintiffs failed to either refute Richmond’s contentions or identify any contractual obligation of Richmond that would give rise to tort liability; namely, a duty owing to plaintiffs. Thus, the motion court should have granted reargument and dismissed the claims against Richmond on summary judgment.
Monadnock’s motion for leave to renew was made in violation of a prior order of the court. However, in its second motion for summary judgment, Monadnock established prima facie, through the parties’ deposition testimony and certain documentary evidence, that it provided pre-construction services, such as planning and estimating, in connection with the anticipated demolition and renovation of the subject premises. However, ultimately Monadnock did not perform any physical work there or contract with others to do so. Indeed, the record again reveals that no construction work of any type was performed at the premises and the proposed project was abandoned due to the downturn in the economy. Additionally, the premises was being considered for landmark status. Plaintiffs failed to raise a triable issue of fact whether Monadnock’s involvement at the premises created a duty to the injured plaintiffs that was breached or whether Monadnock caused or contributed to the alleged dangerous condition of the premises (see Amorosa v City of New York, 51 AD3d 596 [2008]; Bermudez v City of New York, 21 AD3d 258 [2005]; Kenyon v City of New York, 194 AD2d 398 [1993]). Finally, even were we to accept that Monadnock owed plaintiffs a duty, plaintiffs’ claim that Monadnock’s involvement establishes that it had constructive notice of the dangerous condition and raises an inference as to its creation of the condition is speculative. Concur — Mazzarelli, J.P, Friedman, Catterson, Richter and Manzanet-Daniels, JJ.