**Newman v Syracuse Univ.**

2024 NY Slip Op 34532(U)

December 27, 2024

Supreme Court, New York County

Docket Number: Index No. 160872/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

-----------------------------------------------------------------------X

JAKE NEWMAN,

Plaintiff,

- v -

SYRACUSE UNIVERSITY, BOARD OF TRUSTEES OF
SYRACUSE UNIVERSITY, PIERRE DIDISHEIM, PRESTON
SCHOENBERG, BRANDON SCHOLNICK

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 160872/2023 |
| MOTION DATE | 07/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 54, 55, 56, 57, 58

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, and after a final submission date of August 28, 2024, Syracuse University ("Syracuse") and the Board of Trustees of Syracuse University's (the "Board") (collectively "Moving Defendants") motion for summary judgment dismissing Plaintiff Jake Newman's ("Plaintiff") Complaint and all crossclaims asserted against them is granted in part and denied in part. Plaintiff's cross-motion seeking leave to amend his pleading is granted in part and denied in part.

## I.    Background

Plaintiff was an undergraduate student at Syracuse when he was allegedly assaulted by fellow students Pierre Didisheim ("Didisheim"), Preston Schoenberg ("Schoenberg"), and Brandon Scholnick ("Scholnick"). Plaintiff alleges the assault occurred on Syracuse's campus, near the Chancellor's house located at 900 S. Crouse Avenue, Syracuse, New York, 13244 (the

160872/2023   JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL
Motion No.  002

Page 1 of 6

"Premises"). The parties dispute whether the location of the assault is on Syracuse property and whether a duty was owed to Plaintiff. There has not yet been a preliminary conference.

The Moving Defendants seek summary judgment arguing that because the assault occurred off Syracuse's property, they owed no duty to the Plaintiff. Moreover, the Moving Defendants argue they are not responsible for the criminal acts of third parties. They further argue there is no basis for any of the crossclaims asserted against them. In opposition, Plaintiff argues that a university may be held liable under certain circumstances for failure to protect a student from reasonably foreseeable criminal acts committed by third parties on campus. Plaintiff further argues that the sidewalk was directly abutting the boundaries of campus, and Syracuse's own university maps include the sidewalk as part of its campus (NYSCEF Doc. 49). Didisheim opposes and argues the motion is premature as there has been no exchange of discovery. Plaintiff also cross-moves seeking leave to amend to describe accurately the location where the assault occurred.

## II.     Discussion

### A. Summary Judgment

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Generally, summary judgment prior to the exchange of discovery is premature (*Reid v City of New York*, 168 AD3d 447 [1st Dept 2019]; *Guzman v City of New York*, 171 AD3d 653 [1st Dept 2019]; *Blech v West Park Presbyterian Church*, 97 AD3d 443 [1st Dept 2012]).

**160872/2023   JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL**
Motion No.  002

**Page 2 of 6**

2 of 6

[* 2]

There is no dispute that the Board does not own any property and therefore did not owe any duty to provide secure premises. Thus, the Complaint is dismissed as to the Board. However, the Court denies Syracuse's motion dismissing Plaintiff's Complaint, without prejudice, with leave to renew upon completion of further discovery.

Although Syracuse claims it did not own the sidewalk where the assault commenced, the record is riddled with involvement by actors connected to the university. It is undisputed that the fight was between Syracuse University students near a fraternity which may have been granted permission to operate on campus with supervision from Syracuse. There remains an issue as to whether it was foreseeable that the Student Defendants had a propensity or history of assaulting students of which Syracuse should have known and acted upon (*see, e.g. Carasquilo v Macombs Vill. Associates*, 99 AD3d 455 [1st Dept 2012]; *Jiggets v New York City Hous. Auth.*, 263 AD2d 426 [1st Dept 1999]). Moreover, Syracuse University security investigated the incident and apprehended an assailant, and the incident was captured by Syracuse University surveillance. This raises an issue of fact as to whether the sidewalk was within a zone where Syracuse University oversees security. This is not a case where the assault occurred far off-campus, rather, the sidewalk where the assault began is directly abutting a Syracuse University dormitory and is included as part of the campus maps. In fact, in the photographs provided by Moving Defendants, an ambulance with Syracuse's logo may be seen immediately adjacent to Plaintiff and Didisheim as Didisheim lunges at Plaintiff (NYSCEF Doc. 28).

While Syracuse is correct the doctrine of in loco parentis does not apply at the college level (*see Wells v Bard* College, 184 AD2d 304 [1st Dept 1992]), the existence of the duty owed to students engaged in educational programs is not so mechanistic as to hinge on whether they were assaulted one foot off campus or with one foot on campus (*see, e.g. Katz v United Synagogue of*

**160872/2023   JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL**
**Motion No.  002**

**Page 3 of 6**

3 of 6

*Conservative Judaism*, 135 AD3d 458 [1st Dept 2016] [finding synagogue owed duty to assist 19-year old injured on kibbutz during program in Israel]). On this pre-discovery record, the Court cannot hold, as a matter of law, that Syracuse owed no duty to Plaintiff.

The co-defendants' crossclaims seeking common-law indemnification and contractual indemnification are dismissed. Didisheim's crossclaim for contractual indemnification is boilerplate and does not state with specificity the contract he seeks indemnification under. Moreover, to be entitled to common-law indemnification, the party seeking indemnification must show they are free from negligence and are liable in a merely vicarious role (*Martins v Little 40 Worth Associates, Inc.*, 72 AD3d 483 [1st Dept 2010]). There is no alleged principal-agent relationship to establish vicarious liability between Didisheim and the Moving Defendants. Schoenberg has not even opposed Moving Defendants' motion. Therefore, the common-law indemnification claims are dismissed. The portion of the motion which seeks to dismiss the contribution crossclaims is denied as premature. [1]

### B. Leave to Amend

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). Here, Plaintiff only seeks to amend his pleadings to clarify the location of where the incident began. Therefore, the motion is granted. However, as the proposed pleadings seek to assert claims against the Board, who this Court has already determined is an improper Defendant, leave to amend is denied solely to the extent that Plaintiff may not assert claims against the Board.

---

[1] Because the Board is dismissed, the contribution crossclaims asserted against the Board are also dismissed.

**160872/2023  JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL**                    **Page 4 of 6**
**Motion No. 002**

Accordingly, it is hereby,

ORDERED that Syracuse University and the Board of Trustees of Syracuse University's motion for summary judgment dismissing Plaintiff Jake Newman's ("Plaintiff") Complaint and all crossclaims asserted against them is granted in part and denied in part; and it is further

ORDERED that the motion is granted to the extent that all crossclaims and Plaintiff's Complaint as asserted against Defendant the Board of Trustees of Syracuse University are hereby dismissed; and it is further

ORDERED that Defendant Syracuse University's motion is granted to the extent that the crossclaims for common law indemnification and contractual indemnification asserted against are hereby dismissed; and it is further

ORDERED that Defendant Syracuse University's motion for summary judgment dismissing Plaintiff's Complaint is otherwise denied, without prejudice, with leave to renew upon completion of further discovery; and it is further

ORDERED that Plaintiff's motion seeking leave to amend is granted in part and the proposed pleadings annexed to the motion papers (NYSCEF Doc. 46) shall be deemed served upon service of a copy of this order with notice of entry thereof, except that leave is denied to assert any proposed claims against Defendant Board of Trustees of Syracuse University's, and any claims alleged against Defendant Board of Trustees of Syracuse University shall be stricken from the proposed pleadings; and it is further

ORDERED that the parties are directed to submit a preliminary conference order to the Court via e-mail at bgilmartin@nycourts.gov on or before January 31, 2025. In the event the parties are unable to agree to a proposed preliminary conference, order, the parties are directed to appear

160872/2023   JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL
Motion No. 002

Page 5 of 6

5 of 6

for a preliminary conference on February 5, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 12/27/2024 | | | | | _Mary V Rosado JSC_ | |
|:---:|:---:|:---:|:---:|:---:|:---:|:---:|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED | ☐ DENIED | ☒ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160872/2023 JAKE NEWMAN vs. SYRACUSE UNIVERSITY ET AL**
**Motion No. 002**

Page 6 of 6

6 of 6