◾ LINDA L. CARSON et al., Respondents, v JEREMY DUDLEY, Appellant. [807 NYS2d 458]—

Cardona, P.J. Appeal from an order of the Supreme Court (Stein, J.), entered April 4, 2005 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

On a snowy day in March 2003 in the Town of New Baltimore, Greene County, a vehicle driven by defendant slid into and collided with a stopped school bus driven by plaintiff Linda L. Carson (hereinafter plaintiff). Plaintiff, who was not injured in the low-speed collision, exited the bus in order to check on the status of the occupants of defendant's vehicle. After confirming that defendant and his passengers were not injured, plaintiff began to walk back to the bus, whereupon she slipped and fell on the snowy roadway, suffering injuries.

Following commencement of this negligence action by plaintiff and her husband, derivatively, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's own actions were an intervening and superseding cause of her injuries. Supreme Court denied the motion and we now affirm.

In negligence cases, the issue of proximate cause is generally a matter left to the trier of fact, provided that the court has been assured that a prima facie case of proximate cause has been established (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980]; *Nowlin v City of New York*, 81 NY2d 81, 89 [1993]; *Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 951 [2004]). In order to set forth a prima facie case, the plaintiff must establish that the defendant's acts were "a substantial cause of the events which produced the injury" (*Derdiarian v*

*Felix Contr. Corp., supra* at 315; *accord Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]). On the other hand, an intervening act of the plaintiff or of a third-party may serve to limit or extinguish the defendant's liability. More specifically, "[a]n intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo, supra* at 33; *see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Rosenbaum v Camps Rov Tov*, 285 AD2d 894, 895 [2001]; *Holloway v Willette Corp. of N.J.*, 280 AD2d 876, 878 [2001]). Foreseeability is the touchstone of this analysis (*see Kriz v Schum*, 75 NY2d 25, 34 [1989]; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 643 [1991]) and, "[b]ecause questions concerning what is foreseeable . . . may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve" (*Derdiarian v Felix Contr. Corp., supra* at 315; *see Litts v Best Kingston Gen. Rental, supra* at 951).

Applying these principles herein, we cannot say, as a matter of law, that plaintiff's actions were unforeseeable or unexpected under the circumstances presented. On the contrary, while a jury could determine that the sole cause of plaintiff's injuries was her decision to descend from the bus onto the road, it could also reasonably determine that it was foreseeable that plaintiff would exit her school bus to investigate the condition of the occupants of defendant's car and, once satisfied that they were uninjured, thereafter attempt to return to the safety of the bus only to slip and fall due to the slippery roadway (*see Derdiarian v Felix Contr. Corp., supra* at 316; *compare Martinez v Lazaroff*, 48 NY2d 819, 820 [1979]; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952 [1978]; *Haughton v T & J Elec. Corp.*, 309 AD2d 1007, 1007-1008 [2003], *lv denied* 1 NY3d 508 [2004]; *Scott v Mead*, 132 AD2d 755, 755 [1987]). Accordingly, inasmuch as this is not a case " 'where only one conclusion may be drawn from the established facts' " (*Kriz v Schum, supra* at 34, quoting *Derdiarian v Felix Contr. Corp., supra* at 315), Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.