(May 3, 2007)

■ RICHARD TOWERS et al., Respondents-Appellants, v WIL-LIAM HOAG et al., Defendants, and NEW YORK CITY FIRE DEPART-MENT et al., Appellants-Respondents. [833 NYS2d 388]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered September 30, 2004, upon a jury verdict, inter alia, awarding damages to plaintiff Alex Tillie and imposing joint and several liability therefor upon the municipal defendants, modified, on the law, to limit the municipal defendants' liability to 20% of the damages awarded, in accordance with the jury's apportionment of fault, and otherwise affirmed, without costs.

Marlow and Nardelli, JJ., concur in a memorandum by Nardelli, J., as follows: This is a personal injury action in which plaintiffs were passengers in a livery cab which was struck, at an intersection, by a New York City Fire Department ladder truck operated by defendant firefighter William Hoag. The jury, after trial, awarded plaintiff Alex Tillie the principal sum of $1,900,000, found that the remaining plaintiffs did not suffer serious injuries and, therefore, denied recovery as to those plaintiffs, and as to Alex Tillie apportioned fault 80% to the cab driver and 20% to the City. Since the City's liability did not exceed 50%, it should have been liable for only its equitable share of the damages (CPLR 1601), but the trial court, without explanation, adjudged the City jointly and severally liable.

The two exceptions at issue under which plaintiffs allege the City should be held jointly and severally liable are delineated in CPLR 1602 (6) and (7). CPLR 1602 provides that the limitations set forth in article 16 shall:

"6. not apply to any person held liable by reason of his use, operation, or ownership of a motor vehicle or motorcycle, as those terms are defined respectively in sections three hundred eleven and one hundred twenty-five of the vehicle and traffic law.

"7. not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others."

CPLR 1603 states, in pertinent part, that a party asserting the applicability of one or more of the exceptions set forth in CPLR 1602 must prove such by a preponderance of the evidence.

The exception codified in CPLR 1602 (6) is inapplicable herein as Fire Department vehicles are not considered "motor vehicles" within that exception (*see Rafaelova v City of New York*, 25 AD3d 442 [2006]; Vehicle and Traffic Law § 311 [2]). Indeed, plaintiffs conceded that point at the trial court level.

In order for the exception set forth in CPLR 1602 (7) to apply, the driver of the fire truck must be shown to have "acted with reckless disregard for the safety of others." The trial court, despite plaintiffs' request, refused to charge the jury as to recklessness, stating, as noted by the dissent, that: "The fact of the matter is the word reckless doesn't appear in the complaint. I suspect it doesn't appear in the bill of particulars anywhere. I know it doesn't appear in the notice of claim."

We agree with the dissent that the trial court's conclusion was erroneous in that regard. What the dissent fails to note, however, is the trial court's further observation which immediately followed the foregoing statement: "You proceeded on the theory of negligence at all times and so we will—we are going to leave it as it had been tried this theory of negligence."

Clearly, the trial court also found that a recklessness charge was not warranted as the result of the theory advanced and the proof elicited by plaintiffs at trial.

In any event, in order to trigger the reckless disregard exception set forth in CPLR 1602 (7), plaintiff must prove, by a preponderance of the evidence, the intentional commission "of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (*Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *see also Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006]).

We conclude there is no reasonable view of the evidence which warrants a finding that the theory of reckless disregard should have been submitted to the jury, for the following reasons: (1) defendant's ladder truck had the right-of-way; (2) there was no expert testimony, or any other evidence, to corroborate plaintiffs' rendition of the accident; (3) pictorial evidence was adduced which refutes the majority of plaintiffs' most serious allega-

tions; and (4) the jury found in favor of defendant against two of the three plaintiffs, awarding no damages because those plaintiffs did not prove they had sustained serious injuries and, as to the remaining plaintiff, the jury found the City only 20% liable under an *ordinary* negligence standard.

Further, the trial court properly determined that it was given an insufficient evidentiary predicate to submit the issue of intoxication to the jury (*see Sanchez v Manhattan & Bronx Surface Tr. Operating Auth.*, 203 AD2d 128 [1994]).

We perceive no basis to disturb the jury's finding that the plaintiffs Richard Towers and Charles Tillie did not sustain serious injury (*see* Insurance Law § 5102 [d]) in this accident. The trial court properly excluded from admission into evidence portions of Charles Tillie's warehoused medical records relating to his treatment in 1995 at Greater Metropolitan Medical Services, since he failed to produce the requisite certification from the warehouseman (*see* CPLR 4518 [c]). Although Charles Tillie's MRI film from that time should have been admitted pursuant to CPLR 4532-a as self-authenticated, its exclusion was harmless. The medical testimony concerning examinations of, and tests administered to, Charles Tillie from 1999 onward afforded the jury an ample evidentiary basis to determine whether he had sustained a serious injury. With respect to plaintiff Towers, the evidence at trial was inconclusive as to whether his alleged injuries, i.e., two tooth fractures, were causally related to the accident. Moreover, plaintiff presented no evidence of the treatment he required or underwent for his alleged dental injuries (*see Sanchez v Romano*, 292 AD2d 202 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing.

McGuire, J., concurs in a separate memorandum as follows: I agree with the dissent that Supreme Court erred in failing to submit to the jury the question of whether the firefighter who drove the fire truck acted with reckless disregard for the safety of others (*see* CPLR 1602 [7]). Plaintiffs' evidence, if credited, supported a charge and interrogatory on the verdict sheet regarding the "reckless disregard" exception to CPLR 1601. I cannot agree, however, that this failure warrants a new trial. Rather, in my view, the verdict demonstrates that the jury did not credit the testimony upon which plaintiffs rely. Accordingly, the court's failure to submit this issue to the jury was harmless (*see* CPLR 2002 ["(a)n error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced"]).

The only rational explanation for the jury's determination to

apportion only 20% of the liability to the City is that the jury rejected the testimony that the fire truck was traveling at a high rate of speed in the wrong lane, and did not have its lights on at the time of the collision. Nor is it at all surprising that the jury rejected that testimony. Notably, plaintiffs' evidence—consisting of the testimony of two of the plaintiffs—that the headlights on the fire truck were not on at the time the accident occurred is belied by evidence that the headlights were automatically activated when the engine was running and could not be shut off manually. Moreover, the physical evidence of the scene is not consistent with the plaintiffs' claim that the fire truck had been traveling at a high rate of speed. In all, the evidence overwhelmingly supports the jury's verdict (*see Nestorowich v Ricotta*, 97 NY2d 393, 400-401 [2002] [holding that improper " 'error in judgment' charge was harmless"; "the evidence so clearly supports a verdict in favor of the defendant . . . Supreme Court's error did not prejudice a substantial right of the plaintiff"]).

Saxe, J.P., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: Because I believe there was sufficient evidence presented at trial requiring a "recklessness" charge to the jury, I respectfully dissent.

The testimony of one of the plaintiffs placed the fire truck on the wrong side of the road, being driven at approximately 40 miles an hour with all its lights off including its headlights. A second plaintiff also testified that the fire truck did not have its headlights on. A nonparty witness could not recall if the headlights were off or on but testified as to the fire truck bearing down on the intersection at about 40 miles an hour. The eyewitness also testified that the cab in which plaintiffs were riding had come to a complete stop at the intersection just prior to the collision. All the conflicting testimony about the failure of the cab to stop at the intersection came from the driver of the fire truck and the firefighters accompanying him, two of them were sitting in the rear of the truck, one in a seat facing rearward.

More significant is the trial court's reasoning for omitting the "recklessness" charge. Plaintiffs in their brief assert that the trial judge initially added the charge after counsel argued: "If the jury believes the plaintiffs . . . if they believed [*sic*] the lights were out. If they believed [*sic*] it was driving in the middle of the road on the wrong side of the road sometime after midnight, I suggest the requirements of recklessness."

However, the court then changed its mind stating: "Perhaps we shouldn't put it in. The fact of the matter is the word reck-

less doesn't appear in the complaint. I suspect it doesn't appear in the bill of particulars anywhere." In fact, the court's reasoning was premised on entirely incorrect information since the plaintiffs raised the recklessness claim in their complaint, bill of particulars, and notice of claim.

For all the foregoing reasons, I believe that "recklessness" should have been charged to the jury, and that the failure to do so was reversible error, warranting a new trial.