KIMBERLY L. THOMAS, Appellant, v SHARON SAMUELS, et al., Respondents. [875 NYS2d 326]—

Rose, J. Appeal from a judgment of the Supreme Court (Giardino, J.), entered January 22, 2008 in Schenectady County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this medical malpractice action alleging that her surgeon, defendant Sharon Samuels (hereinafter defen-

dant), deviated from the applicable standard of care by allegedly cutting or burning her long thoracic nerve during breast biopsy surgery. At the jury trial, defendant opined that plaintiff's nerve must have been subjected to a stretch injury during surgery, rather than a cut or burn. At the close of the trial, Supreme Court suggested and, over plaintiff's objection, then gave the jury an instruction regarding evidence of defendant's habit in performing surgeries. The jury found in defendants' favor and, on appeal, plaintiff contends that the court's instruction on habit evidence was inappropriate and constituted reversible error.

Defendants concede that the instruction was error due to the varying conditions encountered during surgical procedures (*see Rivera v Anilesh*, 8 NY3d 627, 635 [2007]; *Gushlaw v Roll*, 290 AD2d 667, 670 [2002]). The error, however, was harmless because there was no real evidence of defendant's habits in performing biopsy surgeries and defense counsel did not rely on evidence of habit in the opening or closing arguments to the jury. Also, there was ample evidence to support the verdict, including the testimony by defendant and defendants' medical experts that, given the location of the incision made, it would have been virtually impossible for defendant to cut or cauterize in the area where the long thoracic nerve was located. Finally, it is mere speculation that the instruction concerning defendant's habits confused the jury or resulted in the five/six verdict. For these reasons, we conclude that Supreme Court's addition of the evidence of habit instruction to an otherwise accurate, thorough and complete charge does not constitute reversible error here (*see* CPLR 2002; *Nestorowich v Ricotta*, 97 NY2d 393, 400-401 [2002]; *see also Towers v Hoag*, 40 AD3d 244, 246 [2007]; *Walker v State of New York*, 111 AD2d 164, 165-166 [1985]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, with costs.