■ ESTATE OF LINA MORGANA, by Her Mother, YANA MORGANA, as Prospective Administratrix to be Appointed, Respondent, v STATEN ISLAND HOTEL et al., Defendants, and SI HOTEL HOLDING, LLC, Appellant. [35 NYS3d 193]—

In an action to recover damages for wrongful death, etc., the defendant SI Hotel Holding, LLC, appeals from so much of an order of the Supreme Court, Richmond County (Green, J.), dated July 8, 2014, as denied that branch of the motion of the defendants SI Hotel Holding, LLC, and Staten Island Hotel Limited Partnership which was for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants SI Hotel Holding, LLC, and Staten Island Hotel Limited Partnership which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant SI Hotel Holding, LLC, is granted.

On October 4, 2008, 19-year-old Lina Morgana (hereinafter the decedent) fell to her death from the roof of the Staten Island Hotel (hereinafter the hotel), a 10-story building owned by the defendant SI Hotel Holding, LLC (hereinafter SIHH). Thereafter, the decedent's mother, Yana Morgana (hereinafter the plaintiff), commenced this action, inter alia, to recover damages for wrongful death. After the completion of discovery, the defendants SIHH and Staten Island Hotel Limited Partnership moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against Staten Island Hotel Limited Partnership and denied that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against SIHH. SIHH appeals.

To establish a prima facie case in a wrongful death or personal injury action, the plaintiff generally must show that

the defendant's negligence was a substantial cause of the events that produced the injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Castillo v Amjack Leasing Corp.*, 84 AD3d 1298 [2011]). "An intervening act will be deemed a superseding cause and will serve to relieve [a] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *see Carson v Dudley*, 25 AD3d 983, 984 [2006]). Here, SIHH demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the decedent climbed a parapet wall and jumped from the roof of the hotel. Such actions constituted a superseding cause serving to relieve SIHH of liability (*see Cooke v Cekovic*, 282 AD2d 568 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against SIHH. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.