Michalko v Deluccia (2020 NY Slip Op 05991)





Michalko v Deluccia


2020 NY Slip Op 05991


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529269

[*1]Anthony J. Michalko et al., Appellants,
v
William A. Deluccia et al., Respondents.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Faraci Lange, LLP, Rochester (Hadley L. Matarazzo of counsel), for appellants.
Ricotta Mattrey Callocchia Markel & Cassert, Buffalo (Tomas J. Callocchia of counsel), for William A. DeLuccia, respondent.
Eagan and Heimer, PLLC, Buffalo (James E. Eagan of counsel), for Bruno R. Mazza, respondent.



Reynolds Fitzgerald, J.
Appeals (1) from two judgments of the Supreme Court (Baker, J.), entered May 1, 2019 and May 20, 2019 in Chemung County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered April 10, 2019 in Chemung County, which denied plaintiffs' motion to set aside the verdict.
Plaintiff Anthony J. Michalko suffered a heart attack in 2007, which required the insertion of a stent into his left anterior descending artery. Following this procedure, Michalko was placed on dual-antiplatelet therapy (hereinafter DAPT), a therapy that consists of taking the anticoagulant Plavix and a daily aspirin, in an effort to reduce the likelihood of blood clots. In 2012, Michalko suffered a second heart attack that required the artery to be re-stented. Thereafter, Michalko's cardiologist, defendant William A. DeLuccia, advised Michalko to remain on DAPT indefinitely. In 2014, Michalko was referred by his primary care physician to a gastroenterologist, defendant Bruno R. Mazza, for an elective colonoscopy. During Michalko's preoperative consultation, Mazza's physician assistant advised Michalko that Mazza wanted him to cease his DAPT seven days before the colonoscopy and instructed him to seek approval from DeLuccia before doing so. Michalko's spouse communicated with DeLuccia's nurse to obtain DeLuccia's approval, which he provided. As instructed, Michalko ceased DAPT. During the colonoscopy on May 5, 2014, Mazza removed two polyps — one small and one large. He informed Michalko that due to the size of one of the polyps, he was concerned about possible bleeding and directed him to continue refraining from DAPT for the next 14 days; Michalko did so. Five days later, Michalko suffered a third heart attack.
Michalko and his wife, derivatively, thereafter commenced this medical malpractice action alleging that defendants were negligent. Specifically, they claimed that DeLuccia was negligent in approving cessation of Michalko's DAPT for the seven days prior to the procedure and that both defendants were negligent in not directly consulting with each other prior to this decision. Plaintiffs further alleged that Mazza was negligent in instructing Michalko to remain off DAPT for 14 days after the procedure, and in his failure to discuss the discontinuation of DAPT with DeLuccia prior to its cessation. The case proceeded to trial, and the jury returned a verdict in defendants' favor. Supreme Court subsequently denied plaintiffs' motion to set aside the verdict and direct a new trial. Plaintiffs appeal.
Plaintiffs allege that Supreme Court erred in charging the jury with both the habit evidence charge (see PJI 1:71) and the error in judgment charge (see PJI 2:150). With respect to the habit charge, evidence of habit may be charged if it involves a repetitive pattern of conduct that is "predictable and predictive," to allow an inference of the repetition of said conduct (Halloran v Virginia Chems., 41 NY2d 386, 389 [1977]). Habit may be charged in a medical malpractice action if the practice or procedure does not "vary from patient to patient depending on the particular medical circumstances or physical condition of the patient" (Rivera v Anilesh, 8 NY3d 627, 635 [2007]). The charge on habit delivered by the court to the jury read, in pertinent part, that "defendants have introduced evidence to show that it was their habit regarding their course of treatment regarding patients they held in common . . . being on [DAPT]."
We agree with plaintiffs' contention that habit is appropriately charged only when an inference is necessary "to fill in evidentiary gaps" (Martin v Timmins, 178 AD3d 107, 109 [2019] [internal quotation marks and citation omitted]). Here, no such gap exists. It is undisputed that, with respect to the directive that Michalko cease DAPT seven days prior to the surgery, DeLuccia was informed and agreed to same. As to the postsurgical directive, Mazza testified that he did not consult DeLuccia, but rather made a unilateral determination that Michalko should remain off DAPT for an additional 14 days. Moreover, the very conduct that is the subject of the charge in question is the "course of treatment regarding patients they held in common." In order for a habit charge to be appropriate, the proof must demonstrate "'a deliberate and repetitive practice by aperson in complete control of the circumstances'" (Galetta v Galetta 21 NY3d 186, 197 [2013], quoting Rivera v Anilesh, 8 NY3d at 634). "On no view . . . can conduct involving not only oneself but particularly other persons . . . produce a regular usage because of the likely variation of the circumstances in which such conduct will be indulged" (Halloran v Virginia Chems., 41 NY2d at 392). Here, neither defendant had complete control, and both defendants testified that their decisions regarding temporary cessation of DAPT prior to or after a colonoscopy varied depending on the circumstances of each patient. Considering the foregoing, we find that Supreme Court erred in charging the jury with habit.
An error in judgment charge "is appropriate only in a narrow category of medical malpractice cases in which there is evidence that [the] defendant physician considered and chose among several medically acceptable treatment alternatives" (Rospierski v Haar, 59 AD3d 1048, 1049 [2009] [internal quotation marks and citation omitted]). "A distinction must therefore be made between an 'error in judgment' and a doctor's failure to exercise his or her best judgment. Giving the 'error in judgment' charge without regard for this distinction would otherwise relieve doctors whose conduct would constitute a breach of duty from liability" (Nestorowich v Ricotta, 97 NY2d 393, 399-400 [2002]). Here, the primary issue at trial was whether defendants deviated from the standard of care in determining to temporarily cease Michalko's DAPT both before and after his colonoscopy. There was no evidence presented that defendants chose between two or more medically accepted alternatives (see Nestorowich v Ricotta, 97 NY2d at 400; Vanderpool v Adirondack Neurosurgical Specialists, P.C., 45 AD3d 1477, 1478 [2007]; Anderson v House of Good Samaritan Hosp., 44 AD3d 135, 140 [2007]). Rather, the issue was whether to continue or to stop the same treatment. An interpretation of the rule so as to categorize cessation or continuance of the same treatment as a choice "between or among medically acceptable alternatives" contemplated under Nestorowich would expand the application of the charge and "would transform it from a protection against second-guessing of genuine exercises of professional judgment in treatment or diagnosis into a cloak for professional misfeasance" (Nestorowich v Ricotta, 97 NY2d at 399). We find, therefore, that Supreme Court also erred in giving the error in judgment charge.
Defendants urge us to find that the foregoing errors were harmless. An inappropriate charge may be deemed a harmless error when it is added to "an otherwise accurate, thorough and complete charge" (Thomas v Samuels, 60 AD3d 1187, 1188 [2009]). Considering that two significant charges were incorrectly included in the instructions given to the jury, we cannot find that the charge, as a whole, was "accurate, thorough and complete" and, therefore, find the inclusion of these charges was not harmless and constituted reversible error.
Finally, because we are sending this matter back for a new trial, we feel obliged to comment on Supreme Court's preclusion of the testimony of plaintiffs' expert cardiologist regarding the appropriateness of Mazza's unilateral decision to withhold Michalko's DAPT after the colonoscopy. Defendants' objected when plaintiffs' expert was asked to state his opinion on this, and the court sustained the objection, stating, "That's an opinion that you'll have to ask another expert." When this expert was asked whether Michalko's continued abstinence from DAPT after the procedure was a significant factor in causing him to suffer a heart attack, defendants again objected, and Supreme Court again sustained the objection. "A medical expert does not have to be a specialist in the same field as a defendant doctor" to render an opinion as to proper treatment (Frank v Smith, 127 AD3d 1301, 1303 [2015]). "The fact that [the doctors] do not practice in the same specialty goes to the weight to be accorded to his [or her] testimony, not its admissibility" (Swartz v St. Mary's Hosp. of Amsterdam, 101 AD3d 1273, 1274 [2012] [citations omitted], lv denied 21 NY3d 859 [2013]). There was undisputed testimony that a decision to temporarily cease a patient's DAPT both prior to and after a colonoscopy procedure is to be made in consultation between the cardiologist and the gastroenterologist due to the consequences and risks of bleeding and having a cardiac event. Further, there was testimony that the cardiologist who prescribed DAPT is in a better position to determine the risks and consequences of temporarily ceasing it, as it is a cardiac medication. Plaintiffs' cardiology expert established that he had knowledge and expertise in this area and should not have been barred from testifying as to whether Mazza's decision to temporarily cease DAPT for 14 days after the colonoscopy was a departure from the standard of care (see Fuller v Preis, 35 NY2d 425, 431 [1974]). As such, Supreme Court should not have precluded such testimony. Our resolution of these issues renders plaintiffs' remaining arguments academic.
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgments and order are reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.