Lisa I. v Manikas (2020 NY Slip Op 06430)





Lisa I. v Manikas


2020 NY Slip Op 06430


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530433

[*1]Lisa I., Individually and as Parent and Guardian of N.Y., an Infant, Respondent,
v
Allan Manikas et al., Appellants, et al., Defendant.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Hagelin Spencer LLC, Buffalo (Megan F. Organek of counsel), for appellants.
Cooper Erving & Savage LLP, Albany (Carlo A.C. de Oliveira of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Burns, J.), entered November 6, 2019 in Otsego County, which denied a motion by defendants Allan Manikas and Melissa Manikas for summary judgment dismissing the amended complaint against them.
In May 2016, plaintiff's daughter (hereinafter the child), then 14 years old, attended a sleepover at the home of her friend. The home was owned by her friend's parents, defendants Allan Manikas and Melissa Manikas (hereinafter collectively referred to as defendants). The child and the friend spent the night in the bedroom of an adult male relative of defendants (hereinafter the relative). After the friend fell asleep, the relative allegedly raped the child.
Plaintiff, acting individually and as the child's parent, commenced this action asserting, as pertinent here, causes of action against defendants for premises liability and negligent supervision. Plaintiff later amended her complaint to allege that defendants acted with reckless disregard for the child's safety, such that an exception existed to the limitations on joint and several liability set forth in CPLR 1601 (1) (see CPLR 1602 [7]). In September 2019, defendants moved for summary judgment dismissing the amended complaint against them. Supreme Court denied the motion on two grounds, finding that summary judgment was barred by triable issues of fact and, further, that the motion was untimely. Defendants appeal.
We agree with Supreme Court that the record is "replete with factual disputes" barring summary judgment. Defendants' submissions failed to meet their burden of demonstrating an entitlement to this relief on each of the three causes of action. First, the premises liability claim hinges upon a determination of the foreseeability of harm, which includes "the foreseeable criminal acts of third parties on the premises" (Haire v Bonelli, 107 AD3d 1204, 1204-1205 [2013], lv denied 22 NY3d 852 [2013]; see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]). As defendants' duty was limited to risks that were reasonably foreseeable, whether they owed a duty to protect the child from the criminal conduct that allegedly occurred in their home depends on whether, based on their prior experience, they should reasonably have foreseen that the relative posed a threat of harm to the child (see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 998 [2016]; Ahlers v Wildermuth, 70 AD3d 1154, 1155 [2010]; Crowningshield v Proctor, 31 AD3d 1001, 1002 [2006]). Generally, foreseeability is a question to be resolved by the factfinder, and it may not be determined on summary judgment unless "the relevant facts are undisputed and only one inference may be drawn therefrom" (Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076 [2009], lv denied 13 NY3d 711 [2009]; accord Haire v Bonelli, 107 AD3d at 1205).
Defendants' submissions in support of their motion establish that they had been notified of prior incidents of alleged sexual misconduct by the relative, and that they were aware of disciplinary actions that had been instituted in response to these prior allegations. Contrary to defendants' argument, the fact that the prior incidents took place at school does not foreclose the conclusion that his conduct in their home was reasonably foreseeable; the issue is not whether defendants' home was a place where criminal conduct should reasonably have been foreseen, but instead whether the risk of the relative engaging in the alleged conduct was foreseeable (see Crowningshield v Proctor, 31 AD3d at 1002-1004; compare Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626, 627-628 [2015]). As defendants did not meet their initial burden to establish on a prima facie basis that they were entitled to judgment as a matter of law, we do not reach plaintiff's submissions on this issue (see generally William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]).
Similarly, we find that defendants failed to demonstrate that they were entitled to judgment as a matter of law on their claim for negligent supervision of a minor. "A person not a parent who undertakes a duty to care for or supervise a child is required to use reasonable care to protect the child from harm and may be liable for injury proximately caused by his or her negligence in doing so, particularly since the standard of care owed a child is higher than that required for an adult" (Mary A. ZZ. v Blasen, 284 AD2d 773, 775 [2001] [citations omitted]; see Willis v Young Men's Christian Assn. of Amsterdam, 28 NY2d 375, 379 [1971]; Adolph E. v Lori M., 166 AD2d 906, 906-907 [1990]). "Where third-party criminal acts intervene between the defendant's negligence and [the alleged victim's] injuries, the causal connection may be severed, precluding liability. The criminal intervention of third parties may, however, be a reasonably foreseeable consequence of the circumstances created by the defendant" (Mayo v New York City Tr. Auth., 124 AD3d 606, 607 [2015] [internal quotation marks and citations omitted]; see Romero v YMCA of Greater Malone Dev. Group, LLC, 79 AD3d 1344, 1346 [2010]).
Defendants asserted that they had house rules in place to prevent misconduct, including an open-door policy when children and guests were in bedrooms and prohibitions against the use of drugs and alcohol, and that they checked on the child several times during the night. Notably, however, there were conflicts in the evidence regarding these precautions. The child testified that the relative gave her alcohol and marihuana before the rape. There was also conflicting testimony offered by defendants and the child as to where the child was sleeping that night — on the floor or in the relative's bed. These conflicts present issues of credibility that cannot be resolved on summary judgment. Further, in view of the child's youth, defendants' testimony that they knowingly permitted her to sleep in the relative's room, considered in light of their knowledge of his prior acts of sexual misconduct, presents factual issues as to whether defendants used reasonable care in supervising the child (see Mary A. ZZ. v Blasen, 284 AD2d at 775). As above, there is also a triable issue of material fact as to whether the relative's alleged criminal conduct was a foreseeable consequence of defendants' actions in allowing the child to sleep in the same room (see Mayo v New York City Tr. Auth., 124 AD3d at 607-608; compare MacCormack v Hudson City School Dist. Bd. of Educ., 51 AD3d 1121, 1123 [2008]).
We further reject defendants' contention that Supreme Court should have decided as a matter of law that the record did not support a claim that defendants acted with reckless disregard for the child's safety. A person acts with reckless disregard when he or she intentionally commits "an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (Towers v Hoag, 40 AD3d 244, 245 [2007, Nardelli, J., concurring] [internal quotation marks and citations omitted]). Again, the record reveals factual issues that cannot be resolved as a matter of law (see Mastroianni v County of Suffolk, 184 Misc 2d 125, 130 [Sup Ct, Suffolk County 2000]). Thus, Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint against them, and defendants' challenge to the court's determination that the motion was untimely is rendered academic.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.