Stribing v Wendel & Loecher, Inc. (2021 NY Slip Op 02910)





Stribing v Wendel & Loecher, Inc.


2021 NY Slip Op 02910


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


330 CA 19-02327

[*1]KIMBERLY STRIBING, SHAYLEE STRIBING, AMBER THIERRIN, JASMINE WIEPERT, CHANELLE ORTEZ, AND TREVER STRIBING, PLAINTIFFS-APPELLANTS,
v
WENDEL & LOECHER, INC., JOHN R. LOECHER, DEFENDANTS-RESPONDENTS, AND KALEIDA HEALTH, DEFENDANT. (APPEAL NO. 2.) 






CAMPBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered December 5, 2019. The judgment dismissed the plaintiffs' complaint against defendants Wendel & Loecher, Inc. and John R. Loecher. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action alleging, among other things, that defendants mishandled the body of plaintiffs' decedent by transferring and taking the remains from a hospital owned and operated by defendant Kaleida Health (Kaleida) to a funeral home owned and operated by defendants Wendel & Loecher, Inc. and John R. Loecher (Loecher defendants), and thereafter embalming the body, which rendered the remains useless for purposes of organ donation or medical research, in violation of the wishes of plaintiffs and the decedent. In appeal No. 1, plaintiffs appeal from an order denying their posttrial motion pursuant to CPLR 4404 to set aside the jury verdict finding that defendants did not mishandle the decedent's remains. In appeal No. 2, plaintiffs appeal from a subsequently entered judgment dismissing the complaint against the Loecher defendants on the basis of the verdict. In appeal No. 3, plaintiffs appeal from an order, inter alia, dismissing the complaint against Kaleida. In appeal No. 4, plaintiffs appeal from a subsequently entered judgment, inter alia, dismissing the complaint against Kaleida on the basis of the verdict.
We note at the outset that the appeal from the order in appeal No. 1 must be dismissed inasmuch as the order in that appeal is subsumed in the final judgments in appeal Nos. 2 and 4 (see Woodhouse v Bombardier Motor Corp. of Am., 5 AD3d 1029, 1029-1030 [4th Dept 2004]; see also CPLR 5501 [a] [1], [2]; Anderson v House of Good Samaritan Hosp., 44 AD3d 135, 137 [4th Dept 2007]). In addition, inasmuch as the order in appeal No. 3 is also subsumed in the final judgment in appeal No. 4, we dismiss plaintiffs' appeal from the order in appeal No. 3 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]). We now affirm the judgments in appeal Nos. 2 and 4.
Plaintiffs contend in appeal No. 4 that Supreme Court erred in denying their motion pursuant to CPLR 4401 for a directed verdict against Kaleida because, based on the evidence presented at trial, there was no rational process by which the jury could find that Kaleida did not mishandle the decedent's remains. Kaleida contends as an alternative ground for affirmance that [*2]the court should have granted its motion for a directed verdict because the facts established at trial did not fall within a cognizable cause of action and, in any event, the court properly denied plaintiffs' motion. Even assuming, arguendo, that Kaleida's alternative ground for affirmance lacks merit, we nonetheless agree with Kaleida that the court properly denied plaintiffs' motion.
It is well settled that " 'a directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In determining whether to grant a motion for a directed verdict pursuant to CPLR 4401, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287-1288 [4th Dept 2014]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Here, there was a rational process by which the jury could find that Kaleida did not mishandle the decedent's remains. Viewing the evidence in the light most favorable to Kaleida and affording Kaleida every inference that may properly be drawn from the evidence, we conclude that the jury could rationally find that Kaleida justifiably released the decedent's remains to the Loecher defendants for embalming and burial preparation, and thus did not mishandle the remains, because the organization that provided organ and tissue procurement services had failed to place a proper hold on the decedent's remains pursuant to the established protocol at that time.
Contrary to plaintiffs' contention in appeal Nos. 2 and 4, we conclude that the court properly denied their posttrial motion pursuant to CPLR 4404 (a) seeking to set aside the verdict in favor of both Kaleida and the Loecher defendants as against the weight of the evidence. It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiffs] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]), and that is not the case here.
Contrary to plaintiffs' further contention in appeal Nos. 2 and 4, we conclude that any error by the court in allowing defendants to assert the good faith exception to liability under Public Health Law
§ 4306 (3) (a) as a defense and instructing the jury thereon is harmless in this case (see CPLR 2002; see generally Thomas v Samuels, 60 AD3d 1187, 1188 [3d Dept 2009]; Mosher v Murell, 295 AD2d 729, 731 [3d Dept 2002], lv denied 98 NY2d 613 [2002]). We have considered plaintiffs' remaining contentions and conclude that none warrant reversal or modification of the judgments in appeal Nos. 2 and 4.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court