Davis v YMCA of the USA (2025 NY Slip Op 01041)

Davis v YMCA of the USA

2025 NY Slip Op 01041

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 950843/21|Appeal No. 2938|Case No. 2023-05509|

[*1]Michael Davis, Plaintiff-Appellant,
v
YMCA of the USA, Defendant-Respondent, YMCA of Greater New York, Defendant.

Breakstone Law Firm PC, Bellmore (Jay L.T. Breakstone of counsel), for appellant.
Ogletree Deakins, New York (William Cusack, III of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered November 2, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant YMCA of the USA (YMCA USA) to dismiss plaintiff's negligence claim as duplicative of his negligent hiring, retention, supervision, and/or direction (NHRSD) claim, unanimously affirmed, without costs.
In this action under the Child Victims Act, plaintiff alleges that in 1979, when he was approximately six years old, he was sexually abused by a judo instructor at a YMCA class in New York City.
Plaintiff argues that a young child is owed a heightened duty of care (Willis v Young Men's Christian Assn. of Amsterdam, 28 NY2d 375, 379 [1971] ["In inviting . . . young children to sleep on the floor of its premises, the YMCA owed a duty commensurate with the special responsibility it had assumed to its charges to inspect and guard against danger of injury"]; Diamond-Fisher v Greto, 276 AD2d 413, 413 [1st Dept 2000] ["where there is a small child involved in a babysitting context, there is a heightened duty to protect the small child from potential dangers"]; Garcia v City of New York, 222 AD2d 192, 196 [1st Dept 1996], lv denied 89 NY2d 808 [1997]; Lisa I. v Manikas, 188 AD3d 1392, 1394 [3d Dept 2020]). Where such a duty exists, this duty is limited to risks that were reasonably foreseeable; specifically, in this case, whether YMCA USA should reasonably have foreseen that the judo instructor posed a threat of harm to the child (see id. at 1393-1394). Stated otherwise, the only basis actually alleged in the first and second causes of action for imposing liability upon YMCA USA is that it was negligent in hiring, retaining, supervising or directing the judo instructor. Moreover, to the extent plaintiff's negligence claim is based on allegations that YMCA USA knew or should have known that the judo instructor posed a risk of sexual abuse to children, and did nothing to prevent the alleged abuse, those allegations are duplicative because they fall "within the ambit of" the complaint's cause of action for NHRSD (see e.g. Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]).
Thus, in this case, the negligence claim is, in fact, duplicative of the claim for NHRSD, as no "independent source[] of duty" (Chazen v Ma, 223 AD3d 608, 610 [1st Dept 2024]) can be discerned from the allegations of the complaint (see Pertardi v General Conference, Appeal No. 3170, __ AD3d __ [1st Dept 2025] [decided simultaneously herewith] and Fields v General Conference, Appeal No. 3169, __ AD3d __ [1st Dept 2025] [decided simultaneously herewith]; cf. Brown v Riverside Church in the City of N.Y., 231 AD3d 104, 110-111 [1st Dept 2024] [in a suit against a church seeking recovery for sexual abuse by the coach of the church's youth basketball team, the plaintiff was permitted to assert a cause of action for intentional infliction of emotional distress alongside his negligence claims]).
We have considered plaintiff's [*2]remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025