Gignak v Bruno (2025 NY Slip Op 02122)

Gignak v Bruno

2025 NY Slip Op 02122

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0868
[*1]Amy Gignak, Appellant,
v
Beverly Ann Bruno, Respondent, et al., Defendant.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Finn Law Offices, Albany (Ryan M. Finn of counsel), for appellant.
Kaufman Dolowich, LLP, White Plains (Howard S. Kronberg of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Robert Muller, J.), entered November 2, 2023 in Washington County, which granted defendant Beverly Ann Bruno's motion for summary judgment dismissing the complaint against her.
In February 2020, plaintiff and her partner defendant Robert Bruno (hereinafter her partner) traveled to Florida. While there they stayed with his mother, defendant Beverly Ann Bruno (hereinafter the mother), at her residence. Plaintiff was injured when she fell and/or was pushed onto a glass vase located near the shower. In March 2021, plaintiff commenced this action against defendants alleging, as relevant here, negligence and assault/battery.[FN1] After issue was joined, plaintiff served a verified bill of particulars referencing a video of her partner wherein he admitted that he shoved plaintiff and pushed her into the vase, causing her to fall. Specifically, her partner stated in the video that, while he did not intend to hurt plaintiff, "after an argument, [I] shoved her into a vase." Shortly thereafter, the mother moved for dismissal pursuant to CPLR 3211 and for summary judgment pursuant to CPLR 3212. Supreme Court granted the mother's motion, and plaintiff appeals.
Initially, "under New York's choice-of-law principles, courts apply the law of the forum to procedural questions and, to substantive issues, the law of the jurisdiction with the most significant relationship to the dispute" (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 335 [2024] [citations omitted]; see American Food & Vending Corp. v Amazon.com, Inc., 214 AD3d 1153, 1154 [3d Dept 2023])."If the rule of tort law at issue regulates primary conduct, the law of the place of the tort's commission will typically govern" (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d at 336 [internal quotation marks, brackets and citation omitted]; see Campney v Hatch, 229 AD3d 879, 880 n [3d Dept 2024]). The threshold question in any case presenting a potential choice-of-law issue "is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; accord Bronstein v Clements, 169 AD3d 1302, 1303 [3d Dept 2019]). If no actual conflict exists, the court may apply New York law. Here, our review of the relevant law reveals no conflict, thus this Court will apply New York law.
Turning to the merits, Supreme Court did not issue a written decision, but rather provided a transcript of the oral argument on the motion, which the court decided from the bench. As such, it is impossible to determine the court's underlying reasoning in granting the mother's motion and whether the court intended its decision to be pursuant to CPLR 3211 or 3212. Nonetheless, inasmuch as issue was joined, the mother may "properly frame[ ] the dismissal request as one for summary judgment and may base the motion on CPLR 3211 (a) grounds which have been asserted in the answer" (Mann v [*2]Malasky, 41 AD3d 1136, 1137 [3d Dept 2007]; see Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [3d Dept 2015]; Mark C. Dillon, Prac Commentaries, McKinney's Con Laws of NY, Book 7B, CPLR C3212:35).[FN2]
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Mizenko v Intertech Digital Entertainment, Inc., 204 AD3d 1151, 1152 [3d Dept 2022] [internal quotation marks and citations omitted]; see Demarest v Village of Greenwich, 224 AD3d 1196, 1197 [3d Dept 2024]). "As relevant here, a defendant may not be liable for a dangerous condition on property if [he or she] did not own, occupy, control or have a special use of the property" (Streit v Katrine Apts. Assoc., Inc., 212 AD3d 957, 958 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Turrisi v Ponderosa, Inc. 179 AD2d 956, 957 [3d Dept 1992]). At the outset, we note that while both parties proceed under the assumption that the mother owns the premises, there is no assertion to this effect in the complaint, nor is this fact apparent in the record. Plaintiff does assert that "defendants . . . maintained the said premises in a dangerous, careless and heedless manner," but absent an assertion of ownership, control, management, or some other reason as to why the mother had a duty to maintain the premises, the complaint fails to state a cause of action for negligence (see Williams v Hudson NY LLC, 199 AD3d 1083, 1083 [3d Dept 2021], lv denied 38 NY3d 906 [2022]; Turrisi v Ponderosa, Inc. 179 AD2d at 958).
Even proceeding — as the parties apparently did — on the assumption that the mother is the owner of the property, Supreme Court did not err in dismissing the complaint against the mother. In New York, the owner of property has a nondelegable duty to maintain his or her property in a reasonably safe condition, taking into account foreseeability of injuries to others (see Porter v Stone, 231 AD3d 1402, 1402-1403 [3d Dept 2024]; Vance v Burkhart, 229 AD3d 869, 870 [3d Dept 2024]). "The alleged negligent conduct must be shown to be a substantial cause of the events which produced the injury" (Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1328 [3d Dept 2020] [internal quotation marks and citations omitted]; see Carson v Dudley, 25 AD3d 983, 983-984 [3d Dept 2006]). At the same time, an intervening act may serve to limit or extinguish the mother's liability. "More specifically, an intervening act will be deemed a superseding cause and will serve to relieve [the mother] of liability when the act is of such an extraordinary nature or so attenuates [the mother's] negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the [mother]" (Carson v Dudley, 25 AD3d at 984 [internal quotation marks, brackets and citations omitted]; see Lisa I. v Manikas, 188 AD3d 1392, 1394 [3d Dept 2020]).
Plaintiff [*3]contends that Supreme Court erred in granting summary judgment to the mother because questions of fact exist as to how plaintiff was injured. We disagree. In her claim for negligence, while plaintiff initially alleges that she fell on top of "a glass vase that was carelessly placed near a slippery floor near a shower at the [p]remises" and that the slippery floor was a dangerous condition "as the shower often leaked," in the next two paragraphs she alleges that her partner "was yelling at [her] while she was in the shower, had reached inside the shower in an effort to get plaintiff out of the shower, . . . [and] by making contact with [her] caus[ed] her to lose [her] balance" (emphasis added). Even assuming, arguendo, the mother's negligence and conceding that it is axiomatic that "there may be more than one proximate cause of an accident" (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [3d Dept 2018] [internal quotation marks and citations omitted]), it is equally well established that an intervening intentional or criminal act will generally sever the liability of the original tortfeasor. "The test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [alleged] negligence" (Mirand v City of New York, 84 NY2d 44, 50 [1994] [citations omitted]; see Dunham v Ketco, Inc., 135 AD3d 1032, 1035 [3d Dept 2016]). Moreover, an intervening intentional or criminal act by a third party that is "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the [mother's] conduct" will break the causal chain and exonerate the mother of liability (Maheshwari v City of New York,2 NY3d 288, 295 [2004] [internal quotation marks and citation omitted]; see Tennant v Lascelle, 161 AD3d 1565, 1566 [4th Dept 2018]. Here, where plaintiff asserts within her claim of negligence that her partner's intentional intervening act caused her to fall, such is an event clearly not foreseeable in the ordinary course of events and the mother is exonerated of any alleged negligence. Thus, Supreme Court properly dismissed the complaint against the mother (see Maheshwari v City of New York,2 NY3d at 295; Tennant v Lascelle, 161 AD3d at 1565).
Garry, P.J., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff and her partner are New York residents, while the mother is a Florida resident.
Footnote 2: Defendants pleaded, as the third affirmative defense in the answer, failure to state a cause of action.